# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUANITA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-10-0743-HE |
| | ) |
| AKIN'S, ET AL., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Juanita Davis, proceeding *pro se,* previously filed a request for *in forma pauperis* status [Doc. #73], which the court granted [Doc. #76], and a motion for a transcript at government expense [Doc. #77], which the court denied [Doc. #78]. In the latter order, the court noted that plaintiff had not shown compliance with 28 U.S.C. § 753(f) which requires, in order to qualify for a free trial transcript in a non-criminal, non-habeas context, a showing that "the appeal is not frivolous (but presents a substantial question)." The order also noted that plaintiff could re-urge her request either in this court or with the Court of Appeals. Plaintiff did so, filing a motion for a trial transcript at public expense with the Court of Appeals. That request was denied. [Doc. #79]. Plaintiff has now filed a further motion re-urging her request for a transcript and setting out additional information as to the matters she wishes to pursue on appeal. [Doc. #81].

Plaintiff's new motion indicates two broad grounds that she seeks to pursue in her appeal. First, she contends her trial counsel was ineffective in various ways. Second, she contends that a witness at the trial did not testify truthfully. The motion provides additional detail as to what she intends in these general areas.

As noted above, the standard in these circumstances[1] is that the appellant show that her appeal is not frivolous and that it presents a substantial question. The statutory language indicates these are two separate questions and the appellant must make a showing as to both. *See* Buck v. Brackett, 181 Fed. Appx 712, 715 (10th Cir. 2006) ("In civil cases such as this, an appellant proceeding in forma pauperis may obtain a transcript at government expense pursuant to 28 U.S.C. § 753(f) . . . [if] 'the appeal is not frivolous (but presents a substantial question).'"); *see also* Bloomer v. United Parcel Service Inc., 94 Fed. Appx. 820, 826 (10th Cir. 2004) ("Appellants proceeding *in forma pauperis* are not entitled to a free trial transcript unless their appeal presents a substantial question."). Here, the court concludes plaintiff has made a sufficient showing as to the first element—that her appeal is non-frivolous. She is plainly very serious about pursuing an appeal, feels strongly about the propriety of the verdict rendered at the trial, and has done nothing to suggest bad faith of any sort in pursuing her position. However, the "substantial question" requirement is a different matter.

Neither of the matters identified by plaintiff in her motion suggest a substantial question within the meaning of § 753. Concerns that her counsel should have presented more or different evidence, or that he should have presented the evidence in a particular way or questioned a witness in a particular way, do not state even an arguable basis for a successful appeal. An appellate court does not evaluate evidence that might have been, but was not, admitted. *See* United States v. Mergerson, 4 F.3d 337, 348 n. 14 (5th Cir. 1993) ("However,

---

[1]*This is not a criminal case nor is it a case seeking habeas relief. Somewhat different standards apply in those circumstances. See 28 U.S.C. § 753(f).*

because [defendant]'s trial attorney's testimony was not admitted into the evidence before the jury, we cannot consider it for purposes of our sufficiency review."). Similarly, an appellate court does not evaluate the effectiveness of a party's counsel. This is not a habeas corpus case, where the claimed ineffective assistance of counsel often has significance for the disposition of the case, but is, rather, a regular civil case decided on the basis of the evidence actually presented to the jury or at least offered. *See* Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial.'"); *cf* id. at 1120 (recognizing that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases").[2]

Similarly, the suggestion that a witness lied on the witness stand is not an arguable basis for an appeal. The evaluation of a witness' credibility is solely for the jury and an appellate court will not re-weigh the evidence presented at trial in an effort to determine whether a witness lied. *See e.g.,* United States v. McKissick, 204 F.3d 1282, 1289-90 (10th Cir. 2000) ("It is for the jury, as the fact finder, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented.").

As plaintiff has not shown the existence of a "substantial question" as to her appeal within the meaning of § 753, her renewed motion for provision of a trial transcript at public

---

[2]*If a counsel's performance is below acceptable professional standards and leads to adverse effects for the client in a civil case, the client's remedy is a legal malpractice lawsuit rather than a reversal for ineffective assistance of counsel. Nelson, 446 F.3d. at 1119.*

3

expense [Doc. #81] is **DENIED**.

    **IT IS SO ORDERED**.

Dated this 5th day of August, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE